## ARMSTEAD MILLER *v.* SUSAN M. LAYNE, &c.

**Boundaries—Accretion—Streams.**

The doctrine of accretion, as decided in 3 Bush, 3 Bibb (Yoder v. Swope, and Hardin, 259, is not applicable to small streams and branches, but to navigable streams, and a deed, "bounding on the creek," etc., means to the edge of the creek and not the center.

### APPEAL FROM MERCER CIRCUIT COURT.

February 12, 1872.

OPINION OF THE COURT BY JUDGE PRYOR:

The answer of the appellees, if sustained by the proof, presents an equitable set-off to the appellant's demand. It is not required that they should allege either insolvency or that the plaintiffs are non-residents. This is an action for a breach of warranty by reason of a defect in the title. The answer alleges that the appellant sold to appellees land to which he had no title and that this land is not embraced within the boundary of the deed made him by the appellant—that the appellees were ignorant of the fact when the deed was accepted, and that appellant knew that the land he represented as being within the boundary was outside of it. We have read the testimony upon the questions involved with much care, and have been unable to ascertain upon what facts the chancellor in the court below based his judgment. The boundary of the lot owned by Mrs. Chinn, or conveyed to Moore, as trustee, bounds on a small branch, that seems to be the dividing line, between the lot sold by appellant to appellees, and the lot owned by Moore as trustee. It is claimed by the appellees that the stable sold them by appellant or a part of it, is on this Chinn lot. This Chinn lot is enclosed on the southern boundary with a stone wall that runs to the water's edge, and no control or possession seems to have been exercised or claimed of any land outside of this wall until this controversy originated or shortly before. There is no part of this stable in controversy within eight feet of this wall. This rock fence was built where it now stands twenty-five or twenty-six years ago. The parties owning the property known as the Chinn lot whilst this stable was being built never claimed that this boundary interfered with it in any way. The witnesses Hardin, Spillman, Stagg and Springer, old citizens of Harrodsburg and who have known this property for years, say that the stable is not on the Chinn lot or any part of it, and if it is, as contended for by appellees that the damage would not exceed five or ten dollars. Two of the appellee's witnesses—Stone and Thomas place an ideal value on this part of the stable supposed to be on the Chinn lot and upon this testimony, doubtless, the judgment was based in connection with the lawyer's report, made also upon the existence of a supposed state of facts. The deed to the trustee for the Chinn lot describes it as the lot binding on the creek imme-

diately on the north side of same creek or branch containing it all. This boundary was recognized by the grantor of the deed to Moore as trustee *"as binding on the creek immediately on the north side of said creek."* The words binding on the creek without any other language indicating the boundary according to the opinion of this court in the cases of Yorder vs. Swope, 3 Bibb, and Sander vs. McCracken, Hardin's reports, page 259, would confine the boundary to the edge of the creek and not to its center. The case referred to in 3 Bush was discussed and decided with reference to large navigable streams where the doctrine of accretion was made to apply to the owner of the land adjoining. This doctrine is not applicable to small streams and branches. In the present case the deed itself under which the appellees set up this adverse claim, fixes the boundary immediately on the north side of the creek. The judgment of the court below is reversed with directions to dismiss all the cross petition of the appellees and render a judgment for the appellants for the balance due him on the notes and for further proceedings consistent with this opinion.

*Kyle & Poston, Lindseys, for appellants.*
*Thompsons, for appellees.*